IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY JO RHINE, | ) | |
|                Petitioner, | ) | |
| vs. | ) | No. 3:13-CV-0014-D-BH |
| | ) | |
| CHRISTINE WATKINS, et. al, | ) | |
|                Respondents. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas action has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** with prejudice as moot.

### I. BACKGROUND

Tracy Jo Rhine (Petitioner), a federal prisoner previously incarcerated at Volunteers of America (VOA) halfway house in Hutchins, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge a disciplinary action that resulted in the loss of good-time credit. (Petition (Pet.) at 3-7). She names Christine Watkins, DHO Bracy, and Lola Brown, as respondents.

In 2009, Petitioner pled guilty to theft or receipt of stolen mail matter in violation of 18 U.S.C. § 1708. On December 8, 2009, she was sentenced to 51-months imprisonment (receiving credit for time served since April 15, 2009), to be followed by two years of supervised release. *See United States v. Rhine*, No. 3:09-cr-133-M (N.D. Tex. December 8, 2009). In her habeas petition, received on January 2, 2013, Petitioner challenges a disciplinary conviction at VOA that resulted in the loss of 27 days good conduct time. (Resp. at 9). On March 18, 2013, before her petition had become ripe for determination, Petitioner was released from the custody of the Bureau of Prisons and began her supervised release. (*See* doc. 10).

In December of 2013, Petitioner was again arrested, and after a hearing on January 22, 2014,

the Court determined that Petitioner had violated the terms of her supervised release by leaving the judicial district without permission and by failing to pay restitution. Her supervised release was revoked, and she was sentenced to nine months' imprisonment. *See United States v. Rhine*, No. 3:09-cr-0133-M (docs. 46, 59, 60).

## II. JURISDICTION

Petitioner seeks the restoration of her lost good time credits. (Pet. at 7.)

Federal sentencing law permits prison authorities to award federal prisoners credit against their prison time as a reward for good behavior. 18 U.S.C. § 3624(b). Federal prisoners properly bring challenge the loss of good time credits under 28 U.S.C. § 2241. *See Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001). That section provides that an individual may seek habeas relief if she is "in custody" under federal authority or for a violation of federal law. *See* 28 U.S.C. § 2241(c). It is the proper procedural vehicle in cases where a prisoner "challenges the execution of his sentence rather than the validity of his conviction and sentence." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). If Petitioner "can show that [her] due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore [her] good time credits." *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff

> "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). An inmate's challenge to the validity of her incarceration becomes moot upon her release unless she can demonstrate some "collateral consequence" that persists beyond the expiration of the sentence. While courts have presumed that a wrongful conviction has continuing collateral consequences, where a former inmate does not challenge her conviction, a collateral consequence must be demonstrated. *Spencer*, 523 U.S. at 7-8.

Here, after she filed her habeas petition, Petitioner completed her sentence and was placed on supervised release. Even if the loss of her good time credits was in error, the issue is moot because she has since been released from custody, and any lost good-time credits cannot be used to shorten either her period of supervised release or her current sentence for violating the conditions of her supervised release. *See Bowler v. Ashcroft*, 46 Fed. App'x 731, *1 (5th Cir. July 31, 2002), *citing Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding that a former federal prisoner's appeal seeking the restoration of good-time credit was moot because the court could not provide relief after release and prisoner did not allege future consequences); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000) (a term of supervised release may not be reduced because it has been determined that a former inmate erroneously spent excess time in prison). Petitioner has not demonstrated any further concrete collateral consequence of the lost good-time credits. *See Spencer*, 523 U.S. at 14 (holding that even if the revocation of parole was improper, jurisdiction did not exist after the prisoner was released and his term of imprisonment expired, even where he has been again convicted of a crime and is currently incarcerated, because any possible future consequence is merely speculative); *Bronaugh v. Morrison*, 2002 WL 31422963, *2 (N.D.Tex. Oct. 24, 2002) (lost good-time credits have no demonstrated collateral consequence after release from prison because the mere possibility of a future

consequence is too speculative to give rise to a case or controversy). In the absence of a live controversy, the Court lacks jurisdiction over Petitioner's claim, and her habeas petition should be dismissed as moot.

### III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 should be **DISMISSED** with prejudice as moot.

**SIGNED this 7th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE